# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 23-15992

**Case Name** FTC v. Microsoft Corp. and Activision Blizzard, Inc.

**Counsel submitting this form** Imad D. Abyad

**Represented party/parties** Federal Trade Commission

*Briefly describe the dispute that gave rise to this lawsuit.*

In January 2022, Microsoft Corp. and Activision Blizzard, Inc. announced a planned merger. Microsoft controls one of the video gaming industry's biggest platforms, including the high-performance gaming console Xbox, the leading multi-game library subscription service (Game Pass), and the dominant cloud gaming service (xCloud). Activision, in turn, is one that industry's "Big 4" independent video game publishers, with many "AAA" games among its assets.

In December 2022, the Federal Trade Commission commenced administrative proceedings to determine if the merger may substantially lessen competition in any line of commerce, in violation of Section 7 of the Clayton Act and Section 5 of the FTC Act, 15 U.S.C. §§ 18, 45. The FTC administrative hearing on the antitrust merits is set to begin on August 2, 2023.

Press reports, meanwhile, have indicated that defendants were considering consummating their proposed merger despite findings by foreign competition authorities that the merger would violate their competition laws. Accordingly, on June 12, 2023, the FTC sought a preliminary injunction in the district court under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to halt the merger pending determination by the FTC of whether the proposed merger violates the U.S. antitrust laws.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                                                     Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

The district court denied preliminary relief despite agreeing with the FTC on key elements such as the relevant geographic and product markets for analysis. The district court found that the combined firm would have the ability to foreclose its rivals, and would likely offer Activision content exclusively on Microsoft's Game Pass service, but not on rival services. Nonetheless, the court denied relief because it viewed Microsoft as lacking the post-merger incentives to foreclose rivals in some markets (Consoles and Cloud Gaming), and because it viewed the merger as, on balance, procompetitive in the multi-game library services market. The court also deemed Microsoft's post-complaint side deals (and even mere offers) as negating the incentive to foreclose and thus sufficient to remedy any substantial lessening of competition as a result of the merger. Although the court acknowledged that the record contains at least conflicting evidence of anticompetitive effects, it found the equities do not support preliminary relief.

On appeal, the principal issues are likely to be, among others, the district court's misapplication of Section 13(b)'s legal standard for relief; the sufficiency for preliminary relief of the court's finding of foreclosure in the multi-game library services market; and the court's erroneous "counting" of defendants' proffered remedies as part of the FTC's "likelihood of success" analysis.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No further proceedings remain in the district court.

The proceedings to determine the proposed merger's antitrust merits, however, are yet to begin. These are to be adjudicated before the FTC's administrative tribunal, with a hearing before an administrative law judge scheduled to start on August 2, 2023.

**Signature** /s/ Imad Abyad    **Date** July 17, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 Rev. 09/01/22

2