

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Imad D. Abyad
Attorney
Office of General Counsel
202.326.3579
iabyad@ftc.gov

October 18, 2023

Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      **RE:** *FTC v. Microsoft Corp.*, **No. 23-15992**

Dear Clerk of the Court:

      The Federal Trade Commission (FTC) writes in response to Appellees' October 13, 2023, FRAP 28(j) Letter. Contrary to Appellees' assertion, the recent decision of the UK Competition and Markets Authority (CMA) and Appellees' consummation of their merger does not provide a basis for affirmance.

      The CMA's decision in fact supports the FTC's position in this appeal. Consistent with the FTC's showing below, the CMA found that the merger would provide Microsoft with the ability and incentive to foreclose its rivals in the cloud gaming product market. *See* Appellees' FRAP 28(j) Letter, Ex. A at 2, 6. The CMA also found that the cloud-streaming side agreements, including those that the district court wrongly considered below, were indeed insufficient to resolve the competitive concerns about the transaction in the UK. *Id*. The CMA's decision to approve the merger thus required Appellees to enter into new binding regulatory "undertakings" under UK law. *Id*., Ex. B, C.

      Significantly, the CMA's decision to accept Appellees' commitments turned solely on the commitments' sufficiency under UK law and the merger's competitive effects in the UK. Moreover, Microsoft's commitments to the CMA are enforceable only by the UK, not by the United States Government.

      No regulatory body has evaluated the effects of Appellees' agreements to transfer Activision's cloud-streaming rights to third-party Ubisoft Entertainment SA (Ubisoft) with respect to the United States, the relevant geographic market in this case. The district court decision below predated the Ubisoft agreements, and no record evidence supports Appellees' assertions about the agreements' effects on competition in the United States. Indeed, the FTC has not even had the opportunity to take discovery regarding that issue; the FTC is seeking such discovery in its ongoing administrative adjudication of the merits of the merger. *See* Complaint

Counsel's Motion to Extend Fact Discovery, *In the Matter of Microsoft Corp.*, FTC Dkt. No. 9412 (*filed* October 10, 2023). Once the FTC determines the nature and scope of the merger's anticompetitive effects in the United States, it can take the measure of any proposed remedies, including agreements like those with Ubisoft.

        Sincerely,

        /s/ Imad Abyad
        Imad D. Abyad
        *Counsel for*
        Federal Trade Commission