

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

December 20, 2023

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      **Re: *Federal Trade Commission v. Microsoft Corp.*, No. 23-15992**

Dear Ms. Dwyer:

      Pursuant to FRAP 28(j), Appellants submit the Fifth Circuit's recent decision in *Illumina v. FTC*, No. 23-60167 (Dec. 15, 2023) (Ex. A). The decision, which vacated an FTC order unwinding a vertical merger through an administrative proceeding, validates Judge Corley's analysis in multiple respects.

      First, the Fifth Circuit described the "two different but overlapping standards for evaluating the likely effect of a vertical transaction": (1) the established framework of attempting to prove ability and incentive to foreclose and resulting harm to competition, and (2) application of *Brown Shoe*. Op.15; *see* Op.15-22. While the court analyzed those tests separately, it identified no practical differences between the two. Op.15-22. Just so here, minus any evidence supporting the FTC's case. As Microsoft has explained, Judge Corley correctly rejected the FTC's ability-and-incentive case on multiple independent factual grounds in each alleged market, Br.37-55, and correctly concluded that the FTC had neither presented nor substantiated an independent *Brown Shoe* theory, Br.61-63.

      Second, the Fifth Circuit specifically endorsed Judge Corley's approach to addressing post-merger solutions to alleged competitive concerns, squarely rejecting the FTC's arguments in this appeal. After its merger was announced, Illumina made an "Open Offer" to competitors guaranteeing nondiscriminatory access to Illumina's next-generation sequencing platforms. Op.3. As here, the FTC maintained that this post-merger agreement should be considered only "at the remedy stage following a finding of liability." Op.22-23; *see* FTC Br.44, 48-50 (making identical argument). The Fifth Circuit expressly rejected the FTC's argument, Op.24, 28, instead endorsing Judge Corley's analysis and her ruling that "'offered and executed agreements made before any liability trial, let alone liability finding,' should be considered at the liability phase." Op.25 (quoting 1-ER-40).

Further, *Illumina* rejected the FTC's argument, also pressed here, that post-merger agreements are relevant only if they entirely "neutralize" and "undo[]" any lessening of competition. *See* FTC Br.49, 52; *see also* Oral Arg.35:40–37:11. Again citing Judge Corley's opinion, *Illumina* deemed this argument irreconcilable with Section 7, finding instead that a post-merger agreement need only "sufficiently *mitigate[]* the merger's effect such that it [is] no longer likely to *substantially* lessen competition." Op.29 (citing 1-ER-34).

Respectfully submitted,

Rakesh Kilaru

Encl: Slip Opinion, *Illumina, Inc. v. FTC*, No. 26-60167 (Dec. 15, 2023) (Ex. A).