

United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the General Counsel

December 22, 2023

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 04103

    RE:   *FTC v. Microsoft Corp.*, No. 23-15992

Dear Ms. Dwyer:

    The Federal Trade Commission (FTC) responds to Microsoft's 28(j) letter regarding *Illumina, Inc. v. FTC*, No. 23-60167 (5th Cir. Dec. 15, 2023). *Illumina* upheld the Commission's conclusion that Complaint Counsel had made a *prima facie* showing that the vertical merger there—Illumina's acquisition of Grail—may substantially lessen competition, Op.15-22, and remanded to allow consideration of Illumina's "Open Offer" as part of the company's rebuttal to the *prima facie* case. Op.34. Illumina has since announced it will divest Grail—the remedy the Commission had ordered.

    *Illumina* reviewed a *merits* decision, Op.4-5, and thus does not address the principal question here: the proper analysis for a preliminary injunction under Section 13(b) of the FTC Act. Br.23-28. Proposed remedies should not be considered in a Section 13(b) PI, because the scope and quantum of competitive harm can be determined only through a merits proceeding before the Commission. Br.45-57.

    Contrary to Microsoft's position that vertical mergers are generally procompetitive, Microsoft. Br.1, *Illumina* confirmed that vertical mergers may be unlawful under either the "ability-and-incentive" or *Brown Shoe* frameworks. Op.15-22. Both frameworks require a showing of likely foreclosure, and *Illumina* correctly treated them as distinct methodologies for analyzing vertical mergers. *Id.* For different reasons, the district court's analyses under both frameworks were flawed. Br.28-36, 58-62, 65-68; Reply 5-16, 27-31.

Even under a merits standard, Microsoft has the burden to show the competitive effects of its proffered agreements. Op.23. But here, Microsoft did what *Illumina* forbade: it "simply put forward the terms of the [agreements]" when it was required to "affirmatively show" their effect. Op.27-28. Microsoft concededly put forward no effects analysis, and the district court relied on the mere fact (cloud) and terms (console) of the agreements, rather than evidence of competitive effects. Br.52-58; Reply 25-27.

*Illumina* likewise confirmed any purported efficiencies in vertical mergers must be analyzed under the same rigorous standards as in horizontal mergers. Op.29-34. Here, neither Microsoft nor the district court subjected Microsoft's purported efficiencies to any competitive analysis, let alone a rigorous one. Br.36-45; Reply 17-20.

Respectfully submitted,

/s/ *Mark S. Hegedus*

Mark S. Hegedus
Attorney