

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

February 8, 2024

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re: *Federal Trade Commission v. Microsoft Corp.*, **No. 23-15992**

Dear Ms. Dwyer:

      Nothing in the FTC's February 7, 2024 letter undermines the primary reason for affirmance: The FTC's failure to raise a serious question as to whether Microsoft is likely to foreclose competition in the alleged console, subscription, or cloud markets. Specifically, the FTC failed to establish at trial that Microsoft has both the ability and incentive to withhold *Call of Duty*, or that any withholding would harm competition. MSFT Br. 37-55 ("Br."). On this front, the "post-merger" developments, FTC Ltr. 1, further *weaken* the FTC's case, including Sony's signing an agreement guaranteeing it access to *Call of Duty* on multiple platforms, Br. 24-25, and Activision's games appearing on cloud-gaming providers like Nvidia. These are the precise kind of output-expanding developments that Judge Corley found were unlikely to occur absent the merger, including based on testimony from the FTC's own expert. Br. 38-40; *see* 1-SER-158-159 (testimony of Dr. Lee).

      While the Court need not reach the equities to affirm, Br. 64-65, the FTC's letter provides no basis for undercutting Judge Corley's findings. First, the FTC failed in both the district court and this Court to articulate any harm from the merger's closing, and thus has forfeited any argument on this front. Br. 66-67. Moreover, the FTC's factual assertions are incomplete and misleading. Consistent with broader trends in the gaming industry,[1] Activision was already planning on eliminating a significant number of jobs while still operating as an independent company. The recent announcement thus cannot be attributed fully to the merger. More important, Microsoft continues fully to stand behind its representations to this Court. To be clear, while some overlap was identified and some jobs were eliminated, FTC Ltr. 2, Microsoft has structured and is operating the post-merger company in a way that will readily enable it to divest any or all of the

---

[1]   *See, e.g.*, L.A. Times, *The Video Game Industry Boomed During The Pandemic. Now Thousands Are Being Laid Off* (Nov. 20, 2023), https://www.latimes.com/entertainment-arts/business/story/2023-11-20/video-game-industry-layoffs.

Activision businesses as robust market participants in the unlikely event that a divestiture ultimately is ordered. This is precisely what Microsoft represented previously. Br. 23, 66.

Respectfully submitted,

Rakesh Kilaru