

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

June 17, 2024

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      **Re: *Federal Trade Commission v. Microsoft Corp.*, No. 23-15992**

Dear Ms. Dwyer:

      Pursuant to FRAP 28(j), Appellants submit the Supreme Court's decision interpreting § 10(j) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(j), in *Starbucks Corp. v. McKinney*, No. 23-367 (June 13, 2024) ("*Starbucks*") (Ex. A). *Starbucks* undercuts the FTC's central argument.

      The FTC's primary contention is that the district court applied "the wrong legal standard." Reply Br. ("RB") 4. The FTC claims it need only "show serious questions going to the merits of its Clayton Act Section 7 claim," *id.*, because the FTC Act "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard," *id.* (quoting *FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1159 (1984)).

      *Starbucks* instructs otherwise. It addressed whether § 10(j) allows the NLRB to obtain a preliminary injunction without satisfying the traditional four-factor criteria from *Winter v. Natural Resources Defense Council, Inc.*, 555 U. S. 7 (2008). Slip Op. 4. The Supreme Court said no: "Nothing in §10(j) displaces the presumption that those traditional principles govern." Slip Op. 4. The Supreme Court likewise rejected the NLRB's push to lower the likelihood of success standard from the established *Winter* baseline, because the statute "does not compel this watered-down approach to equity." Slip Op. 10; *see id.* 9–11; *see also* RB7 (similar arguments); OA 55:23-57:05; 1:49:59-1:50:36 (arguing FTC need only show a genuine issue as to a key fact).

      Just so here. Section 13(b) of the FTC Act likewise "omits any specific instruction that suggests that Congress altered the traditional equitable rules." Slip Op. 7. Instead, § 13(b) tracks *Winter* more closely, making the logic of *Starbucks* more squarely on point. *See* 15 U.S.C. § 53(b) (district court may issue injunction "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the

public interest"); *see FTC v. Atl. Richfield Co.*, 549 F.2d 289, 298 (4th Cir. 1977); Answering Br. ("AB") 32 (citing same).

To be clear, the decision below can and should be affirmed even under *Warner*. AB31-69. *Starbucks* simply eliminates any residual doubt.

                                                                      Respectfully submitted,

                                                                       Rakesh Kilaru

Encl:   Slip Opinion, *Starbucks Corp. v. McKinney*, No. 23-367 (June 13, 2024) (Ex. A).

2