UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Imad D. Abyad
Attorney
Office of General Counsel
202.326.3579
iabyad@ftc.gov

June 24, 2024

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 04103

**RE: *FTC v. Microsoft Corp.*, No. 23-15992**

Dear Ms. Dwyer:

Contrary to Microsoft's June 17 letter, *Starbucks Corp. v. McKinney*, No. 23-367 (June 13, 2024), does not alter the preliminary injunction standard in this case.

This Court has long recognized that the FTC Act departs from the traditional equity standard. *FTC v. Warner Commc'n, Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984). *Warner* remains binding unless "clearly irreconcilable" with *Starbucks*. *FTC v. Consumer Defense, LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019).

*Warner* and *Starbucks* are easily reconciled. *Starbucks* addressed the NLRA's preliminary injunction standard. *Slip Op.* 4. The FTC Act supplies a different standard than the NLRA. *Kinney v. Int'l Union of Operating Eng'rs*, 994 F.2d 1271, 1277 (7th Cir. 1993). The FTC Act departs from the traditional preliminary injunction standard by expressly enumerating the required elements—"weighing the equities and considering the Commission's likelihood of ultimate success," 15 U.S.C. § 53(b); *Warner*, 742 F.2d at 1159—while omitting requirements like irreparable harm. *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714 (D.C. Cir. 2001). *Starbucks* does not address the FTC Act.

This Court has recognized the FTC Act's unique equity standard. *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 346 (9th Cir. 1989). Other courts uniformly agree. *See, e.g.*, *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 337 (3d Cir. 2016); *FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1343-44 (4th Cir. 1976); *FTC v. Southwest Sunsites, Inc.*, 665 F.2d 711, 721 (5th Cir. 1982); *FTC v. Butterworth Health Corp.*, 1997 WL 420543, *1 (6th Cir. 1997); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1028-29 (7th Cir. 1988); *FTC v. Nat'l Tea Co.*, 603 F.2d 694, 698 (8th Cir. 1979).

Likewise, *Warner*'s likelihood-of-success formulation in FTC cases, *see* 742 F.2d at 1162, remains unaffected. The traditional equity standard requires "a clear showing" of likelihood of success, *Slip Op.* 9, but the FTC Act requires only that courts "consider[]" the Commission's likelihood of success, 15 U.S.C. § 53(b). *See Heinz*, 246 F.3d at 714 (remanding for preliminary injunction having "considered the FTC's likelihood of success"). *Starbucks* does not address this statutory language.

Respectfully submitted,

/s/ Imad Abyad
IMAD D. ABYAD
*Counsel for*
FEDERAL TRADE COMMISSION